# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:02CR00011 |
| v. | **OPINION** |
| **ANTHONY RAY LEWIS**, | By: James P. Jones<br>Chief United States District Judge |
| Defendant. | |

*Randy Ramseyer, Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy C. Dickenson, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The government has objected to any reduction in sentence for this defendant, who is eligible for such a reduction under 18 U.S.C. § 3582(c)(2) by virtue of the lowering of the crack cocaine guidelines.

The government contends that the defendant is not an appropriate candidate for reduction of his sentence because of his extensive criminal history and because the court did not originally sentence him to the low end of the applicable guideline range, thereby evidencing a judgement that any sentence less than 205 months was inappropriate.

I will overrule the government's objections.

The defendant's criminal background is taken into consideration when calculating his Criminal History Category. *See, e.g.*, *United States v. Herndon*, No. 3:01CR00063, 2008 WL 750588 at *1 (W.D. Va. Mar. 19, 2008). The government contends that the defendant's Criminal History Category does not accurately convey his criminal history. According to the Presentence Investigation Report submitted to this court at the defendant's original sentencing, the defendant had twenty-seven criminal history points. Thirteen is the minimum number of points necessary for a Criminal History Category of VI, the highest category. As the government accurately notes, this made the defendant a potential candidate for an upward departure based upon an under-representative criminal history category. The court, however, rejected that proposition at the original sentencing and will not now accept that same argument as a reason not to reduce the defendant's sentence.

The government next argues that because the court did not originally sentence the defendant to the low end of the applicable guideline range, it has already evinced a belief that any sentence less than 205 months would be inadequate. This is an oversimplification of the sentencing decision, and ignores the salient fact that a term of incarceration of 205 months was the agreed upon sentence in the written plea agreement. Beyond that, the sentence expressed the court's belief that the defendant—considering his criminal history and the conduct underlying his

- 2 -

Case 1:02-cr-00011-JPJ   Document 409   Filed 07/30/08   Page 2 of 3   Pageid#: 253

offense—was neither among the least nor the most culpable when compared to similarly situated defendants. Thus, a sentence in the middle of the guideline range was appropriate, and it continues to be appropriate.

    A separate judgement will be entered.

                      Dated: July 30, 2008

                      /S/ JAMES P. JONES
                      Chief United States District Judge